UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOBY ELLIOTT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>SAFELITE GROUP, INC.,<br><br>DEFENDANT | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:20-cv-1398 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Toby Elliott, on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendant Safelite Group, Inc.

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendant Safelite Group, Inc. ("Safelite" or "Defendant") provides automobile maintenance services to customers across the United States. Defendant's business primarily consists of repairing side windows and windshields. Because vehicles with advanced driver assistance systems (ADAS) require recalibration of the vehicle's front camera in the event the windshield is replaced, Safelite also offers recalibration services.

1.2   Plaintiff Toby Elliott and the putative class were employed by Defendant as repair technicians.

1.3   Plaintiff Toby Elliott worked out of one of Defendant's three San Antonio locations.

1.4    Plaintiff Toby Elliott and the putative class were paid on an hourly basis, and were also paid commissions.

1.5    Plaintiff Toby Elliott, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.6    For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to non-exempt employees for hours worked in excess of forty hours per week.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendant Safelite Group, Inc. because it conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.   PARTIES

**A.   Plaintiff**

3.1   Plaintiff Toby Elliott is an individual residing within this judicial district.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.   Defendant**

3.2   Defendant Safelite Group, Inc. is a Delaware corporation with its primary place of business in Columbus, Ohio.

3.3   Safelite Group, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4   Safelite Group, Inc. can be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, Texas 78701.

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3   At all relevant times, Defendant employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendant employed two or more persons in interstate commerce.

4.5   At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.6     At all times hereinafter mentioned, Defendant Safelite Group, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4.9     As repair technicians, Plaintiff and those similarly situated handled items including tape measures, drills, scrapers, urethane guns and fiber line tools that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.     FACTUAL ALLEGATIONS

5.1     Defendant employs a wide range of technicians to assist with the installation and repair of automobile window glass.  Some technicians are directed to perform their duties at Defendant's shops, while others are required to travel to a customer's home or business.

5.2     Plaintiff and others similarly situated were employed as technicians. Their duties were limited to performing glass repair, replacement and, if needed, ADAS calibrations.  Their job

4

assignments were created by way of tickets. Tickets were distributed to Plaintiffs and other technicians through company issued cellular phones.

5.3 Plaintiff and other technicians were encouraged to complete as many service tickets as possible. Although they were paid an hourly rate, each ticket provided the opportunity to earn a commission. This opportunity resulted in Plaintiff and other technicians working overtime consistently.

5.4 Plaintiff and other technicians were not properly compensated for the overtime they worked. Defendant had a policy of refusing to pay Plaintiff and other similarly situated employees overtime wages. Under this policy, Plaintiffs and other technicians were required to work uncompensated overtime. In the past, this scheme was known as the "Forty Hour Plan" because regardless of how many hours they worked each week, Defendant's technicians' timecards were revised to reflect they only worked forty hours. Ostensibly, Defendant did away with this plan at some point in the past, but Defendant appears to be utilizing the Forty Hour Plan once again.

5.5 Defendant's unlawful practice had the direct effect of cheating Plaintiffs and other technicians out of their wages on a daily basis.

5.6 Defendant employed Toby Elliott and those similarly situated during the three-year period preceding the filing of this Complaint.

5.7 Defendant paid Toby Elliott and those similarly situated on an hourly plus commission basis.

5.8 Toby Elliott and all those similarly situated consistently worked over forty hours per week.

5.9 Toby Elliott and all those similarly situated were non-exempt employees.

5.10 However, Defendant failed to pay Toby Elliott and all those similarly situated overtime premiums for all hours worked over forty per week.

5.11    Instead, Defendant would shave overtime hours worked by Elliott and the class in an attempt to reduce and/or eliminate Defendant's overtime exposure.

5.12    Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.13    Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendant.

5.14    Plaintiff and those similarly situated were required to comply with the policies and procedures of Defendant in performing their work during their employment with Defendant.

5.15    At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.16    Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.17    Defendant's actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policies of Defendant that are in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other technicians.

6.2    Plaintiff brings his claim for relief on behalf of all persons who worked for Defendant as a technician at any time three years prior to the filing of this lawsuit to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendant paid Plaintiff and the Collective Class on an hourly plus commission basis and permitted them to work more than forty hours per week.  Defendant did not pay either Plaintiff or the Collective Class overtime premiums for all hours worked beyond forty per week.

6.4      Though their job titles may vary, the members of the Collective Class were all technicians.

6.5      Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.  Accordingly, the members of the Collective Class are properly defined as:

> **All current and former technicians of Defendant who were not paid overtime premiums for all hours worked over forty per workweek.**

6.10    Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5    Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendant failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7    No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Toby Elliott and all others similarly situated respectfully pray that Defendant Safelite Group, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendant:

a.   Actual damages for the full amount of their unpaid overtime compensation;

b.   Liquidated damages in an amount equal to their unpaid overtime compensation;

c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Tx 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**